UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL RAFFERTY,**

    **Plaintiff,**

  v.

**CSX TRANSPORTATION, INC.,**

    **Defendant.**

:

:

:

**Case No. 2:24-cv-4218**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter is before the Court on CSX Transportation, Inc.'s Partial Motion to Dismiss. (Mot., ECF No. 150.) There, CSX seeks to dismiss Matthew Rafferty's retaliatory termination claim, arguing that the claim is new and untimely. (*Id.*) The Motion is fully briefed and ripe for decision. For the reasons below, the Motion is **DENIED**.

**I.    PROCEDURAL BACKGROUND**

On March 13, 2018, twenty current and former CSX employees filed a class action complaint in *Daniel Bell, et al. v. CSX Transportation, Inc.* in the District of Maryland, asserting various claims of interference and retaliation under the FMLA. (ECF No. 1.) On June 18, 2018, the *Bell* plaintiffs sought leave to amend their complaint to add additional plaintiffs and new claims. (ECF Nos. 20, 20-1.) Five months later, the *Bell* court stayed the case pending arbitration, noting that it was not precluded from addressing and resolving the pending motion for leave to amend despite the stay. (ECF No. 40.)

While the case was stayed, the original *Bell* plaintiffs filed a motion for leave to file a second amended complaint seeking, among other things, to add new putative-class representatives (including Matthew Rafferty) and to assert FMLA claims of interference and discrimination on behalf of those additional plaintiffs. (ECF Nos. 42, 43.) The *Bell* court denied the motion for leave to file a second amended complaint without prejudice. (ECF No. 45.)

On May 16, 2019, the court granted the *Bell* plaintiffs' original motion for leave to amend the complaint to the extent plaintiffs sought to add plaintiffs asserting FMLA claims. (ECF Nos. 50, 51.) The court went on to instruct the *Bell* plaintiffs that they could seek leave to file an amended complaint after the stay was lifted and stated that the "statute of limitations as to the proposed new Plaintiffs on their claim of retaliation in violation of the FMLA will be tolled until thirty days after the stay is lifted." (*Id*.) The *Bell* plaintiffs then filed an unopposed motion to amend the May 16, 2019 Order because the Order was silent as to their motion to file a second amended complaint and they wanted to clarify that the statute of limitations was also tolled for the claims of the proposed plaintiffs in that motion. (ECF No. 54.) The *Bell* court granted the motion and amended paragraph 5 of the May 16, 2019 Order to state:

> Once the stay in this case is lifted, Plaintiffs may seek leave to amend their complaint as to individual claims of FMLA retaliation by the proposed additional Plaintiffs named in both the proposed first amended complaint and in the proposed second amended complaint. The motion is otherwise denied, and this Court's denial of the motion with respect to claims brought under the Americans with Disabilities Act applies equally to those made in the proposed second amended complaint as it does to those made in the proposed first amended complaint. The statute

of limitations on these proposed additional Plaintiffs' claims is tolled until thirty days after the stay is lifted.

(ECF No. 55.)

The *Bell* court lifted the stay on April 1, 2024. (ECF No. 96.) Twenty-two days later, the *Bell* plaintiffs filed an amended complaint, adding Mr. Rafferty and others as plaintiffs and asserting FMLA claims of interference and discrimination. (ECF No. 104.) As to Mr. Rafferty, the Amended Complaint alleged that he had a health condition for which he required FMLA leave over the 2017 holidays, that CSX accused him of abusing his FMLA leave, and that CSX impermissibly punished him for taking time off on a holiday. (*Id.*, ¶¶ 547–56.) Elsewhere, the Amended Complaint references "removal from service" and discipline. (*Id.*, ¶ 750.)

The *Bell* court then determined the case was not suitable for class treatment (ECF Nos. 107, 128), so it severed the individual claims of putative class representatives and transferred the cases of the non-resident plaintiffs to their respective federal district courts (ECF No. 129). Mr. Rafferty's case was transferred to the Southern District of Ohio.

On January 6, 2025, this Court ordered Mr. Rafferty to file an amended complaint limited to his claims against CSX. (ECF No. 139.) He filed his Amended Complaint a month later, alleging FMLA interference (Count One) and FMLA retaliation (Count Two). (ECF No. 145.) In support of these claims, Mr. Rafferty alleges that CSX took the following adverse actions against him:

> disqualified him from having attendance points expunged, charged him with a workplace rule violation for using taking FMLA leave, removed him from service for the supposed violations, forced him to defend himself from such charges by having him submit more information

3

>about the condition that necessitated his FMLA leave than is allowed under the law, and terminated him for taking FMLA leave.

(*Id.*, ¶ 46; *see also id.*, ¶ 48.)

## II. ANALYSIS

CSX acknowledges that Mr. Rafferty's retaliatory suspension claim under the FMLA is timely as a result of the *Bell* court's tolling Order. But it argues that the Amended Complaint Mr. Rafferty filed with this Court asserts a new retaliatory <u>termination</u> claim. Based on the premise that the retaliatory termination claim is a new claim, CSX goes on to argue that there is no basis for tolling the statute of limitations. CSX's arguments are not supported by the Federal Rules of Civil Procedure: Mr. Rafferty's claim is for FMLA retaliation, and his Amended Complaint merely clarifies the facts in support of that claim.

In reaching this conclusion, the Court starts with the rules and purposes of pleading. At the outset of a case, Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Detailed factual allegations are not required, but a party's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Id.* (cleaned up). "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

The Court then considers the nature of an FMLA retaliation claim: Congress made it unlawful to "discharge or in any other manner discriminate against any individual" because he exercised his FMLA rights. 29 U.S.C. § 2615(b). When asserting a claim for such retaliation, a plaintiff must establish sufficient facts to prove that: (1) he engaged in FMLA-protected activity; (2) the employer knew he was exercising his FMLA rights; (3) the employer took an adverse employment action against him; and (4) "there was a causal connection between the protected FMLA activity and the adverse employment action." *Donald v. Sybra, Inc.*, 667 F.3d 757, 761 (6th Cir. 2012) (further citation omitted). In the Sixth Circuit, an adverse employment action is "a materially adverse change in the terms of . . . employment." *White v. Burlington N. & Santa Fe Ry. Co.*, 364 F.3d 789, 797 (6th Cir. 2004) (en banc) (further citation omitted), *aff'd*, 548 U.S. 53 (2006); *see also Redlin v. Grosse Pointe Pub. Sch. Sys.*, 921 F.3d 599, 616 (6th Cir. 2019) (explaining that "the standard for showing an adverse employment action is the same" in an FMLA retaliation claim and a Title VII retaliation claim). In the retaliation context, an employment action is materially adverse if "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Redlin*, 921 F.3d at 616–17 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

Mr. Rafferty's Amended Complaint does nothing to change the nature of his claim for relief: it is still a claim for FMLA retaliation. His amendment only clarifies

the facts supporting that claim—namely, that the adverse actions he suffered included termination. The Amended Complaint does not state a new claim.

### III.     CONCLUSION

Thus, CSX Transportation, Inc.'s Partial Motion to Dismiss (ECF No. 150) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**